IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02695-WDM-KLM

FRANK LORD,

    Plaintiff,

v.

JASON HALL, Colorado Springs Police Officer,
RICHARD HAYES, Colorado Springs Police Officer, and
UNKNOWN COLORADO SPRINGS POLICE OFFICERS,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Leave to Amend the Complaint** [Docket No. 27; Filed June 28, 2011] (the "Motion"). Defendants filed a Response in opposition to the Motion on July 18, 2011 [Docket No. 29]. Because a reply would not materially assist the Court's review, I consider the matter to be fully briefed. *See* D.C.COLO.LCivR 7.1C. As a preliminary matter, the deadline for pleading amendment was February 25, 2011 [Docket No. 9]. Therefore, the Motion is untimely.

Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition.[1] The Court has

---

[1] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (unpublished decision) (collecting cases). When an order denying a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). For the purposes of resolving the present Motion, the Court assumes that the issue is dispositive and requires a recommendation.

reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion be **DENIED.**

This matter pertains to events surrounding a police stop that occurred in Colorado Springs, Colorado on July 26, 2010 during which Plaintiff claims that Defendants used excessive force to detain him. *Scheduling Order* [#10] at 2-3. Defendants contend that their actions were reasonable. *Id.* at 3. The Complaint raises constitutional claims pursuant to 42 U.S.C. § 1983 and claims for assault and battery pursuant to Colorado state law. *Complaint* [#1] at 5-7. Plaintiff seeks to amend his Complaint [Docket No. 1] to add the City of Colorado Springs as a party and to add claims against it pursuant to *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Plaintiff also seeks to add a claim that Defendants violated his First Amendment rights.

Although Plaintiff recognizes that the pleading amendment deadline has expired, he contends that this fact does not defeat the "presumption that the courts should freely give leave to amend the complaint, when justice so requires." *Motion* [#27] at 3. Moreover, Plaintiff claims that "[a]s a result of the discovery to date, it is clear that the City should be a party to the action" and that a First Amendment claim should be raised. *Id.*; *see also id.* at 4 (contending that "only through discovery did [Plaintiff] find that the other causes of action were relevant and that the City should be a named party"). Plaintiff contends that there is a factual basis for the proposed claims and that Defendants will not be unduly prejudiced by the addition of the claims at this juncture. *Id.* at 4-5. He further contends that the scope of discovery will not be impacted by the inclusion of the new claims. *Id.* at 5.

In response, Defendants contend that Plaintiff has failed to provide good cause for seeking leave to amend the Complaint outside the pleading amendment deadline. *Response* [#29] at 3. Specifically, Defendants argue that the proposed "additions could have been included in the original complaint, or amended by the amendment deadline, if Plaintiff had been diligent." *Id.* Defendants also contend that they would be unduly prejudiced by the amendments, "there is a question as to whether these claims are truly made in good faith" and that the proposed amendments are futile. *Id.* at 6-7.

Defendants' argument regarding the timing of Plaintiff's Motion is a viable concern. "Because Plaintiff filed his Motion after the deadline for amending the pleadings, the Court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the [Scheduling Order under Fed. R. Civ. P. 16(b)(4), and] then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under [Fed. R. Civ. P.] 15(a)." *Nicastle v. Adams County Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *1 (D. Colo. Mar. 14, 2011), *adopted by* 2011 WL1464588 (Apr. 18, 2011) (unpublished decisions); *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). Plaintiff is entitled to amend his Complaint only if he makes the requisite showing at each step of the analysis. The two-step analysis has been explained as follows:

> Rule 16(b)[(4)]'s good cause standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b)[(4)] does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this Court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l. Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted);

*accord Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ("Rule 16(b)[(4)]'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). . . . Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . ."). If Plaintiff fails to show good cause under Rule 16(b)(4), there is no need for the Court to move on to the second step of the analysis, i.e., whether Plaintiff has satisfied the requirements of Rule 15(a). *Nicastle*, 2011 WL 1465586, at *3.[2]

### A.     Good Cause to Modify the Pleading Amendment Deadline

A Scheduling Order deadline, such as the pleading amendment deadline, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As noted above, to demonstrate good cause pursuant to Rule 16, Plaintiff must "show that [he was] diligent in attempting to meet the [pleading amendment] deadline, which means [he] must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 n.4 (10th Cir. 2006). Here, Plaintiff filed his Motion on June 28, 2011, more than four months after the expiration of the pleading amendment deadline established in the Scheduling Order [#10]. Plaintiff generally contends that he has good cause for filing the Motion after the expiration of the deadline because he did not discover the factual basis for his proposed amendments until the receipt of unspecified discovery.[3] *See Motion* [#27]

---

[2] It is the practice in this District to utilize the two-step analysis even though the Court of Appeals for the Tenth "[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b)[(4)] in addition to the Rule 15(a) requirement." *Strope v. Collins*, 315 Fed. Appx. 57, 62 n.4 (10th Cir. 2009) (unpublished decision) (internal quotation omitted).

[3] To the extent that Plaintiff also contends that good cause is shown because Defendants would not be prejudiced or discovery would not be impacted, see *Motion* [#27] at 4, these allegations are not relevant to the good cause inquiry and do not advance Plaintiff's

4

at 4.

Defendants counter that these claims were not uncovered through discovery. Rather, Defendants contend that (1) Plaintiff's claims against the City "could have been included in the original complaint" as they "could generally be alleged in any police case"; and (2) Plaintiff's free speech claim is premised on his objecting to the Officers' conduct at the time of the incident [such that] . . . Plaintiff obviously knew of his 'free speech' claim when he filed his original complaint." *Response* [#29] at 4. Defendants also generally contend that Plaintiff has provided no excuse for his failure to file a motion to extend the pleading amendment deadline before it expired. *See id.* at 5.

I agree. Given the type of claims involved and the lack of reference to newly acquired evidence that tends to support pursuing such claims, I find that these claims should have and could have been brought at the time of the Complaint's filing and, at the very least, at the time of expiration of the pleading amendment deadline. Plaintiff's overdue investigation of the type of claims that could reasonably apply to the facts as he knew them to be at the time of the Complaint's filing and thereafter reflects a lack of diligence. "Foregoing careful review of [the case] . . . does not evidence diligence on Plaintiff's part." *Granite Southlands Town Ctr. LLC v. Alberta Town Ctr., LLC*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. Jun. 8, 2010), *adopted by* 2010 WL 2635527 (June 28, 2010) (unpublished decision); *Dilmar Oil Co.*, 986 F. Supp. at 980 ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

---

position. *See Pumpco,* 204 F.R.D. at 668 (explaining that good cause is not evidenced by the impact of the amendment on the defendants, rather it is only justified by diligence of the plaintiff).

Moreover, even crediting Plaintiff's unsubstantiated contention that discovery recently revealed the existence of such claims, the pleading amendment deadline requires that parties conduct discovery efficiently and promptly in order to timely comply. *See Granite*, 2010 WL 2635524, at *2 (noting that "deadlines to amend a party's pleading are set at the outset of the case to require plaintiffs to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later."); *Sanchez v. City & County of Denver ex rel. Bd. of Water Comm'rs*, No. 07-cv-01805-MSK-BNB, 2007 WL 4557842, at *1 (D. Colo. Dec. 20, 2007) (unpublished decision) (noting that "the purpose of the deadline to amend and add contained in the Scheduling Order is to force the parties to make any known amendments immediately so that all discovery in the case, including the earliest discovery, is taken with the claims and defenses as the parties expect them to be"). As Plaintiff does not indicate that Defendants were responsible for any delayed receipt of crucial discovery, it would appear that Plaintiff is the sole cause for the delay in discovery, if any.

Plaintiff has failed to show that, with diligence, he could not have discovered these claims or completed the discovery necessary to establish the basis for such claims before the pleading amendment deadline. Moreover, the Court finds that Plaintiff has not adequately explained why he did not file a motion seeking an extension of the pleading amendment deadline before it expired. As the deadline approached, Plaintiff was aware that party depositions had not occurred. Given the nature of this case and Plaintiff's allegations of responsibility on the part of police officers and now the City, the Court finds that it was foreseeable that Plaintiff might wish to amend his operative pleading after deposing the individual Defendants. Thus, it would have been appropriate to move to

extend the pleading amendment deadline before it expired. Plaintiff's failure to do so also evidences a lack of diligence. Accordingly, the Court finds that Plaintiff has not demonstrated that he was unable to meet the pleading amendment deadline despite the exercise of due diligence.

### B.     Rule 15(a) Requirements

Because Plaintiff has not shown good cause for seeking leave to amend his Complaint after the expiration of the pleading amendment deadline, the Motion is subject to denial on this basis alone. *Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning of Rule 16(b)(4)); *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.' Prejudice to the opposing party need not be shown also."); *cf. Minter*, 451 F.3d at 1205 (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness may). Accordingly, the Court does not analyze the Motion under the standard set forth in Fed. R. Civ. P. 15(a). *Nicastle*, 2011 WL 1465586, at *3 ("Because the Court finds no good cause to amend the scheduling order, [it] will not address whether leave to amend is appropriate under Rule 15."); *see also Schneider v. City of Grand Junction, Colo.*, No. 10-cv-01719-MSK-KLM, slip op. (D. Colo. Apr. 25, 2011) [Docket No. 77], *adopted by* slip op. (July 12, 2011) [Docket No. 87] (unpublished decision) (reviewing untimely motion to amend only as to good cause standard pursuant to Fed. R. Civ. P. 16(b)(4)).

For the reasons set forth above, the Court **RECOMMENDS** that the Motion [#27] be

**DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  July 21, 2011

           BY THE COURT:

           s/ Kristen L. Mix
           United States Magistrate Judge
           Kristen L. Mix