IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02695-PAB-KLM

FRANK LORD,

    Plaintiff,

v.

JASON HALL, Colorado Springs Police Officer,
RICHARD HAYES, Colorado Springs Police Officer, and
UNKNOWN COLORADO SPRINGS POLICE OFFICERS,

    Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix filed on July 21, 2011 [Docket No. 30]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on July 22, 2011. No party has objected to the Recommendation.

    In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, I have reviewed the Recommendation to

satisfy myself that there is "no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

**ORDERED** as follows:

1. The Recommendation of United States Magistrate Judge [Docket No. 30] is ACCEPTED.

2. Plaintiff's Motion for Leave to Amend the Complaint [Docket No. 27] is DENIED.

DATED August 29, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).