IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02695-PAB-KLM

FRANK LORD,

    Plaintiff,

v.

JASON HALL, Colorado Springs Police Officer,
RICHARD HAYES, Colorado Springs Police Officer, and
UNKNOWN COLORADO SPRINGS POLICE OFFICERS,

    Defendants.
_____

## AMENDED[1] ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Amend the Scheduling Order** [Docket No. 36; Filed August 17, 2011] (the "Motion"). Defendants filed a Response in opposition to the Motion on August 22, 2011 [Docket No. 38], and Plaintiff filed a Reply on August 29, 2011 [Docket No. 40]. The Motion is ripe for review. For the reasons set forth below, the Court **GRANTS IN PART and DENIES IN PART** the Motion.

### Procedural Background

Plaintiff initiated this matter on November 4, 2010, pursuant to 24 U.S.C. § 1983 [Docket No. 1]. On June 28, 2011, Plaintiff filed a motion seeking leave to amend his original complaint [Docket No. 27]. This Court recommended that the motion for leave be denied on July 21, 2011 [Docket No. 30]. No objection was filed, and the District Court

---

[1] The Order entered August 31, 2011 [Docket No. 41] is amended to correct the deadline for submission of a proposed pretrial order.

adopted the recommendation on August 29, 2011 [Docket No. 39]. Thus, the original complaint remains the governing pleading.

Plaintiff was represented by counsel, Mr. Daniel G. Kay, when he commenced this lawsuit. *See Compl.*, Docket No. 1 at 1, 8. On August 10, 2011, Mr. Kay filed a motion seeking to withdraw as counsel for Plaintiff, citing "an irretrievable conflict" as the underlying basis for withdrawal [Docket No. 32]. On the same date, present counsel for Plaintiff, Mr. Michael John Thomson, entered an appearance [Docket No. 33]. The Court granted permission for Mr. Kay to withdraw [Docket No. 35].

One week later on August 17, 2011, Plaintiff filed the Motion at hand. In essence, Plaintiff requests an entirely new schedule for the prosecution of his case, due to the entry of new counsel and Mr. Thomson's recent receipt of a medical report regarding the treatment of Plaintiff's traumatic brain injury. *Motion*, Docket No. 36 at 2-3. In addition to other deadline extensions, Plaintiff seeks the reopening of discovery with a new discovery deadline scheduled nearly ten months after the original expired, June 1, 2012. *Motion*, Docket 36-2 at 1. Plaintiff cites to *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) in support of his request and believes the *Smith* factors regarding the reopening of discovery weigh in his favor. *Motion*, Docket No. 36 at 2. Plaintiff asserts that he should not be prejudiced by the actions of his former counsel, and in consideration of the fact that trial is not imminent, the deadlines at issue should be re-established. *Id.* at 4-5. Plaintiff emphasizes his position that the medical report constitutes "new medical evidence," which alone constitutes good cause for the reopening of discovery and extension of deadlines. *See Reply*, Docket No. 40.

Defendants oppose the relief requested, stating that Plaintiff fails to establish good cause for the reopening of discovery and the rescheduling of deadlines. *Response*, Docket No. 38 at 3. Defendants claim that Plaintiff does not properly support his arguments by describing what his prior counsel, Mr. Kay, did or did not do, with respect to scheduling and discovery. *Id.* Defendants suggest that, in light of the discovery requests propounded by Mr. Kay during the discovery period, Mr. Kay was not negligently inattentive but made strategic litigation decisions which should bind Plaintiff. *Id.* at 4-5. Notably, Defendants make no argument asserting prejudice or harm. *See Response*, Docket No. 38. In essence, they contend that Plaintiff does not deserve another bite at the proverbial apple, as he voluntarily chose his previous counsel, previous counsel conducted discovery within the time allowed, and any strategic choice made by previous counsel that may now prejudice Plaintiff does not provide a legal basis for relief.

## Legal Standard

The Court may modify its scheduling orders upon a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4); D.C.COLO.LCivR 16.1. Whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the Court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence. *Id.* (citations omitted). With regard to the

fourth factor, the Tenth Circuit has explained that "[d]emonstrating good cause under [Rule 16(b)(4)] 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir.1994)).

## Analysis

The Court does not take lightly the fact that Plaintiff voluntarily chose his own counsel. With the benefit of hindsight, this choice was apparently to Plaintiff's detriment. The attorney-client relationship was not successful, thus his original counsel sought and obtained permission to withdraw. Although arguably prior counsel's shortcomings should have been addressed by Plaintiff earlier, the Court is loathe to punish Plaintiff for any failures of his prior counsel. However, the Court is also reluctant to set a precedent of allowing a "do-over" under such circumstances, which is what Plaintiff requests.

New counsel for Plaintiff knew (or at the very least, should have known) that the discovery deadline (encompassing both fact and expert discovery) had closed by the time he entered his appearance. Plaintiff presents no proper basis for extending the deadlines as requested, except for the indirect indication of negligence by Plaintiff's prior counsel, which also spills over to the delayed production of the medical report. The Court is inclined to allow an extension of certain deadlines for two reasons only, in consideration of the *Smith* factors: one, the prejudice to Defendants is minimal[2] and two, trial is not imminent.[3]

---

[2]This Court has noted on multiple occasions that the ordinary burdens associated with litigating a case do not constitute undue burden. *See Collins v. Ace Mortgage Funding, LLC*, 08-cv-1709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008). In any event, Defendants do not raise prejudice or harm in their response, and the Court will not construct an argument to

-4-

Furthermore, and perhaps most importantly, justice favors allowing a claim to be tried on its merits. The Court is obligated to manage the case effectively and within the scope of the federal and local rules, with the purpose of facilitating the parties' presentation of a thoroughly prepared case before the District Court. Here, this requires an extension of certain deadlines, but not to the extent requested by Plaintiff. The Court declines to extend the deadline for joinder of parties and the amendment of claims. The original complaint will remain the governing pleading. The Court will allow the reopening of discovery and a three month time frame within which to complete discovery (again). The parties are warned that absent exceptional cause, the Court will likely decline to grant any further request for extensions of time.

## Conclusion

IT IS HEREBY **ORDERED** that Plaintiff's **Motion to Amend the Scheduling Order** is **GRANTED IN PART and DENIED IN PART**. The Scheduling Order entered January 11, 2011 [Docket No. 10] is amended as follows:

### 9. CASE PLAN AND SCHEDULE

a. [no change]

b. Discovery cut-off: **November 30, 2011**.

c. Dispositive Motion Deadline: **December 31, 2011**.

d. Expert Witness Disclosure:

---

this effect on their behalf.

[3]The Final Pretrial Conference is set for January 17, 2012, and no Trial Preparation Conference or trial dates have been scheduled. Additionally, the District Judge's docket is very active and heavily scheduled, thus indicating that trial may not be soon set in this matter.

    i. The parties shall identify anticipated fields of expert testimony, if any: The parties anticipate the possible use of expert witnesses in the fields of Police Procedure, Excessive Force, Psychology, Medical Doctors, Rehabilitation and Life Care, Economist, and Independent Medical Examiners.

    ii. Limitations which the parties propose on the use or number of expert witnesses: 10 per side.

    iii. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **October 3, 2011**.

    iv. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **November 1, 2011**.

e. Identification of Persons to be Deposed: *See* Scheduling Order at Docket No. 10.

f. Deadline for service of Interrogatories: **October 28, 2011**.

g. Deadline for service of Requests for Production of Documents and/or Admissions: **October 28, 2011**.

IT IS FURTHER **ORDERED** that, in order to accommodate the new deadlines, the **Final Pretrial Conference** set for January 17, 2012, at 9:30 a.m. is **VACATED** and **RESET** to **March 6, 2012**, at **11:00 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the proposed pretrial order shall be submitted on or before **February 28, 2012**. The proposed pretrial order to be submitted to the Magistrate Judge under the ECF Procedures may be submitted in WordPerfect or pdf format and shall be emailed to the Magistrate Judge at *Mix_Chambers@cod.uscourts.gov*.

Attorneys and/or pro se parties not participating in ECF shall submit their proposed pretrial order on paper to the Clerk's Office. However, if any party in this case is participating in ECF, it is the responsibility of that party to submit the proposed pretrial order pursuant to the District of Colorado ECF Procedures.

The parties shall prepare the proposed pretrial order in accordance with the form which may be downloaded in richtext format from the forms section of the court's website at [www.co.uscourts.gov](www.co.uscourts.gov). Instructions for downloading in richtext format are posted in the forms section of the website.

DATED: September 1, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge